MEIERHENRY, Justice
(concurring in part, dissenting in part).
[¶ 37.] I agree that the Department’s decision should be reversed, but I disagree that the case should be remanded. The scope of appellate review is governed by SDCL 1-26-36. On appellate review, courts may affirm, remand the case for further proceedings, or “reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: ... (5) Clearly erroneous in light of the entire evidence in the record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.” SDCL 1-26-36. Further, “[a] court shall enter its own findings of fact and conclusions of law or may affirm the findings and conclusions entered by the agency as part of its judgment.” SDCL 1-26-36. Here, the Department’s decision contained clearly erroneous findings of fact and was an abuse of discretion.
[¶ 38.] Judge Gors reviewed this matter and determined that although the appraisal “contained some minor violations of USPAP,” the Department’s penalty was “disproportionately severe since there was no actual harm.” The majority appears to have arrived at much the same conclusion; that is, the violations do not warrant the severity of the penalty. As authorized by SDCL 1-26-36, the trial court entered its own findings of fact and conclusions of law. The majority agrees with some of the trial court’s findings and disagrees with others. Nevertheless, the majority agrees with Judge Gors’ conclusion that the Department abused its discretion. Judge Gors determined that the abuse of discretion warranted reversal. I agree. Consequently, I would affirm the circuit court and reverse the Department’s decision. I would not remand to the Department for further consideration.